# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br><br><br>Joel Isaac AVILA Lazaro,<br><br><br><br>    Defendant. | Magistrate Docket No. **24mj0075-JLB**<br><br>COMPLAINT FOR VIOLATION OF:<br>Title 8, U.S.C. § 1326 Attempted Entry After Deportation |

The undersigned complainant, being duly sworn, states:

On or about January 9, 2024, within the Southern District of California, defendant, Joel Isaac AVILA Lazaro, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near Otay Mesa, California, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Jesse Bojorquez
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON JANUARY 10, 2024.

_____
HON. JILL L. BURKHARDT
United States Magistrate Judge

CONTINUATION OF COMPLAINT:
Joel Isaac AVILA Lazaro

## PROBABLE CAUSE STATEMENT

On January 09, 2024, United States Border Patrol Agent E. Hernandez was performing her assigned duties in the Chula Vista Border Patrol Station's area of responsibility. Agent Hernandez was dressed in full rough duty uniform with all agency badges and insignia visible.

At approximately 8:18 PM, Border Patrol Agent W. Thompson, while operating a Mobile Video Surveillance System Scope (MVSS), observed two individuals traveling north and crossing the United States/Mexico International Boundary near an area known to Border Patrol Agents as "White Cross". Agent Hernandez responded to the area and was guided by agent Thompson towards the location of the two individuals. This area is approximately 100 yards north of the United States/Mexico International Boundary and five miles east of the Otay Mesa Port of Entry. Agent Hernandez exited her vehicle, located and encountered the two individuals laying down in a the prone position attempting to conceal themselves. Agent Hernandez identified herself as a United States Border Patrol Agent and conducted an immigration inspection upon both individuals, including one later being identified as the defendant Joel Isaac AVILA Lazaro. Both individuals including AVILA, stated that they are citizens of Mexico not in possession of immigration documentation that would allow them to enter or remain in the United States legally. At approximately 8:30 PM, Agent Hernandez placed both individuals, including AVILA, under arrest.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant stated that he is a citizen of Mexico illegally present in the United States. The defendant admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that he illegally entered the United States on January 09, 2024 with an intended destination of San Diego, California.

Routine record checks of the defendant revealed a criminal and immigration history. A comparison of the defendant's criminal record and current fingerprints were used to determine the defendant's record. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on October 20, 2023 through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.